Thomas W. TREAKLE, Jr., Robert M. Baum, Jr., A. D. Willis, Jr., B. S. Lupton, Fred L. Ebner, Joseph W. Morgan, Charles H. Richardson, Charles E. Johnson, and Andrew A. Midgette, Appellants,

v.

POCAHONTAS STEAMSHIP COMPANY, owner and/or operator of the STEAMSHIP CONSOLIDATION COAL, in personam, and the Steamship Consolidation Coal, her tackle, apparel, furniture, boilers, engines, machinery, in rem, and Marine Coal Transport Corporation, owner and/or operator of the STEAMSHIP MARINE ELECTRIC, in personam, and the Steamship Marine Electric, her tackle, apparel, furniture, boilers, engines, machinery, etc., in rem, Appellees.

No. 12289.

United States Court of Appeals Fourth Circuit.

Argued Oct. 29, 1968.

Decided Jan. 15, 1969.

---

Henry E. Howell, Jr., Norfolk, Va. (Howell, Anninos & Daugherty, Norfolk, Va., on brief), for appellants.

Charles R. Dalton, Jr., Norfolk, Va. (Seawell, McCoy, Winston & Dalton, Norfolk, Va., on brief), for appellees.

Joseph L. Kelly, Jr., Norfolk, Va. (Williams, Worrell, Kelly & Worthington, Norfolk, Va., on brief), for Norfolk and Western Railway Co.

Hugh S. Meredith, Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for Coal Terminal Towing Corp.

Before BOREMAN and BUTZNER, Circuit Judges, and McMILLAN, District Judge.

PER CURIAM:

The appellants, Treakle and others, a group of tugboat pilots employed by Coal Terminal Towing Corporation and its predecessors, filed a libel against Pocahontas Steamship Company, in personam, and the steamship "CONSOLIDATION COAL" in rem. Subsequently appellants filed a similar libel against Marine Coal Transport Corporation, in personam, and the steamship "MARINE ELECTRIC" in rem. Exceptions and/or exceptive allegations were seasonably filed by the vessel owners and testimony was taken in support of the exceptions. The two cases were consolidated for trial and upon appeal.

The sole question for determination is whether these tugboat pilots are entitled, in the circumstances, to claim compensation from the owners of oceangoing vessels which were docked or undocked by the tugboats and their pilots at Coal Piers and to assert a lien against such vessels for specialized services as "docking" pilots in addition to their compensation fixed by a contract negotiated by and between their employers and their union bargaining representative.[1] The district court sustained the exceptive allegations and held that the tugboat pilots, by their course of dealing over a protracted period, and by their contractual arrangements are effectively estopped from asserting a claim for services as docking pilots against the owners of the docked vessels or a lien for such services against the vessels themselves.

We have carefully examined the record and conclude that the consolidated cases were correctly decided for the reasons stated by the district court in its memorandum opinion.[2]

Affirmed.

1. Pursuant to the terms of their negotiated employment contract the tugboat pilots, in addition to their hourly wage rate, received $8.50 per day "to cover the service of docking and undocking ships" at Coal Piers when so assigned. Similarly the mates of tugboats assigned to docking and undocking ships at Coal Piers received $2.87 for each day so assigned, in addition to their hourly wage rate.

2. Treakle v. Pocahontas Steamship Company, 273 F.Supp. 608 (E.D.Va.1967).